ROE, *casual ejector*, and JNO. D. FIELD, Junior, tenant in possession, plaintiff in error, *vs.* DOE, *ex dem.* of WILLARD BOYNTON, administrator of DAVID B. SQUIRES, deceased, *et al.*, defendants in error.               \

When a case has been fairly submitted to the Jury upon the evidence, and no error in the charge of the Court is alleged, and the verdict is not manifestly, and decidedly, against the evidence, this Court will not control the discretion of the court below, in refusing to grant a new trial.

Ejectment.   Motion for new trial.   Decided by Judge IRWIN.   Lumpkin Superior Court.   April Term, 1867.

This was ejectment, on the demises of Boynton, administrator of David B. Squires, *et al.*, for land—lot No. 1028, 12th District and 1st Section of said county, and for mesne profits.

The evidence was as follows :

1st. Copy-grant from the State to David B. Squires, dated 11th August, 1834, for said lot, (read without exception.) 2d. Certified copy of order and letters of administration on the estate of said Squires to said Boynton, administrator, dated the 3d of March, 1845, and an order for the sale of said Squire's real estate, dated the 4th of May, 1846.   3d. A deed for said lot, from said Boynton, as such administrator, to Isaac J. Cowl (plaintiff,) dated the 4th of June, 1861. 4th. An order from Jno. D. Field, Sr., to Early, Sheriff of said county, and his successors in office to make a deed to Jno D. Field, Jr., for said lot of land, "if the purchase money be paid," dated the 24th of May, 1859.

The plaintiff then examined as a witness LEWIS RALSTON. He testified as to the *locus in quo*, and that Jno. D. Field, Jr., was in possession of said lot when the suit was brought, and that the lot was worth for rent $20 00 to $25 00 *per annum.*

Upon cross-examination he stated that he had thought hard of the defendant, Field, Jr., for ousting him from said lot in 1840 or 1845, and had consulted counsel about it; he and defendant took possession together in 1840; witness

Roe, *casual ejector, vs.* Roe, *ex dem.* of Boynton, adm'r.

asked Jno. D. Field, Sr., for permisson to occupy said lot, and he said he had allowed Field, Jr., to have a potatoe patch thereon, in 1840; the witness and defendant took possession then; Field, Jr., built a barn and cleared and fenced a field on the lot; but Field, Jr., never claimed the title till 1852, when the General Assembly passed an act as to color of title; before that he had frequently disclaimed title thereto.

After coming from the stand the witness asked to go back and correct a mistake.    He then testified that he and defendant took possession after March Term, 1845, of this Court; that Jno. D. Field, Sr., bid off the lot at one dollar, and that the improvements on it were worth $———.

JAS. L. HOWELL, testified, that in 1854 defendant told him he knew not whether he had a title to said lot or not, and that the crop of that year, a good one, had cost him little or nothing; that he cultivated said lot that year as tenant of defendant, and paid him rent therefor.

WM. EVERETT testified, that he cultivated the lot in 1864, and the rent for that year was worth fifty dollars.    Plaintiff closed.

The evidence for the defendant was this:

A receipt from J. S. Chastain, former Sheriff of Lumpkin county, in these words: " Received of Jno. D. Field four ———, for lot 1028, 12, 1, sold on the 7th November, 1843. This 10th October, 1846.             J. S. CHASTAIN,

Former Sheriff Lumpkin County,"

And an entry from the Sheriff's books, made by said Chastain, saying lot No. 1028, 12, 1, was sold to Jno. D. Field, Jr., on the 7th day of November, 1843.

The jury found for the plaintiff the premises in dispute, and $——— for mesne profits.

There being no record (but only an agreed statement of facts,) what the Court charged is not shewn.    But a motion for new trial was made by defendant's attorney, upon the grounds, that the verdict was against the evidence, etc., and against the charge of the Court, in this, that the Court charged the jury, that the Sheriff's entry in his book, of the purchase of said lot by the defendant, and the receipt of said Sheriff

to defendant for the payment of the purchase money were color of title, and if defendant had held said land under *bona fide* claim of right for the term of seven years subsequently to the 19th of January, 1852, the plaintiff could not recover, for defendant then has a perfect title. The Court refused a new trial, and this is assigned for error.

WEIR BOYD and JNO. A. WIMPEY, for plaintiffs in error.

H. P. BELL, for defendants in error.

WARNER, C. J.

The error assigned in this case is the refusal of the Court below to grant a new trial. It is a well settled rule of this Court, when a case has been fairly submitted to the jury upon the evidence, and no error in the charge of the Court is alleged, and the verdict is not manifestly, and decidedly, against the evidence, that it will not control the discretion of the Court below, in refusing to grant a new trial. We find nothing in this record which makes this case an exception to that general rule. The jury are to judge of the credibility of the witnesses for the plaintiff, as well as for the defendant. There is sufficient evidence in the record to sustain the verdict, and as the Court below was satisfied with it, we will not disturb it. Let the judgment of the Court below be affirmed.